NEW-YORK,
May, 1822.

DIEFFEN-
DORF
v.
REFORMED
CALVINIST
CHURCH.

---

DIEFFENDORF *against* The *Trustees of the* REFORMED CALVINIST CHURCH OF CANAJOHARIE.

*D.* subscribed a writing, by which he engaged to pay to the *Trustees of the Reformed Calvinist Church of Canajoharie,* in the county of *M.,* annually, one dollar and fifty cents, and a load of wood, "for the support of the ministry of the said church, as long as the Rev. *John I. Wack* is and remains our regular preacher." The *classis of M.* (one of the ecclesiastical tribunals of the *Reformed Dutch Church*) deposed *W.* for immoral conduct; but on *appeal* to the synod, (the highest tribunal of that church,) the decision of the *classis* was reversed.

The *classis,* afterwards, passed various resolutions, at one time, declaring that *W.* should be considered as restored, and at another time, as deposed; but *W.,* in the mean time, continued to exercise his ministerial functions as usual.

*Held,* that the decision of the *synod* on the appeal must be deemed conclusive, and that the subsequent proceedings of the *classis,* being irregular, could have no effect on that decision, by which Mr. *W.* was restored to the ministry; and that, therefore, the relation of minister and congregation not being dissolved between *W.* and the church, to the support of whose ministry *D.* had subscribed, *D.* was liable to pay the amount of his annual subscription.

IN ERROR, on *certiorari* to a Justice's Court. The trustees of the Reformed Calvinist Church at *Canajoharie,* in the county of *Montgomery,* sued *Dieffendorf* before the Justice for the amount of his subscription, by which he engaged to pay them, annually, one dollar and fifty cents, and a load of wood, "for the support of the ministry of the said church, as long as the Rev. *John I. Wack* is and remains our regular preacher." It appeared, that in *September,* 1816, the *classis* of *Montgomery* tried and deposed Mr. *Wack,* for immoral conduct. On the same day, he appealed to the *particular synod of the Dutch Church;* and in *November,* 1816, that *synod resolved,* "that the appeal be sustained, on the ground of informal, irregular, and unconstitutional proceedings by the *classis* of *Montgomery* in the case." The *particular synod* then recommended that the *consistories* of *Stone-Arabia, Fort Plain,* and *Westerlo,* should meet and investigate the rumours and charges, and prefer a com-

plaint against Mr. *Wack* to the *classis* of *Montgomery*, if they saw fit. Those three *consistories* never met. The *classis* of *M.*, at their next meeting, in *January*, 1817, having no charges presented to them against Mr. *Wack*, resolved, that the Rev. Mr. *Wack* be reinstated in full communion with his congregation, and in the exercise of his ministerial functions. At the next meeting of the *classis* of *M.*, on the 6th of *May*, 1817, a resolution was passed, declaring that the last order or resolution of the *classis* for reinstating Mr. *W.*, was irregular and void. At the next meeting of the same *classis*, on the 12th of *May*, 1817, it was resolved, "that Mr. *W.* should still be considered as deposed from his office as minister of the gospel." On the 12th of *January*, 1820, at another meeting of the same *classis*, and of the *consistories* of *Fort Plain* and *Stone-Arabia*, Mr. *Wack* did not appear, and it was "resolved, that finding no reason why the deposition of said *Wack* should be annulled, it shall be continued."

NEW-YORK, May, 1822.

DIEFFEN-DORF v. REFORMED CALVINIST CHURCH.

The defendant below offered to prove, by witnesses, that Mr. *Wack* was a man of immoral conduct, and guilty of drunkenness, profanity, and other vices, degrading to his character as a minister; but the testimony was rejected by the Justice. A verdict was found for the plaintiffs below, for eight dollars and fifty cents, damages, on which the Justice gave judgment.

There were incidental questions arising on the return, which were not considered material, and both parties expressed a desire to have the cause decided on its real merits.

*Waggoner*, for the plaintiff in error.

*Dodge*, for the defendants in error.

PLATT, J. delivered the opinion of the Court. I am clearly of opinion that the Justice decided right in rejecting the evidence offered to criminate Mr. *Wack*, the minister, as being a drunkard, &c. The only difficult question in the case is, whether Mr. *W.*, in the sense of the contract between the parties, has remained the regular minister of the Reformed Calvinist Church at *Canajoharie?* The answer

NEW-YORK,
May, 1822.

DIEFFEN-
DORF
v.
REFORMED
CALVINIST
CHURCH.

to this question will depend on the force and effect of the resolutions and decisions of the several ecclesiastical judicatories in relation to him. I do not profess to be very well informed on the subject; but I understand that there are three tribunals, acknowledged and established by the *constitution* of the *Reformed Dutch Church*: the *Consistory*, the *Classis*, and the *Synod*, and that an appeal lies from the *consistory* to the *classis*, and from the *classis* to the *synod*. It appears, that Mr. *Wack* was tried at the *classis* of *M.*, and was deposed from the ministry by a resolution of that body; that he immediately appealed from that decision to the *synod*, which body reversed the decision of the *classis*. It appears that the *classis* of *M.* has ever since been agitated with the question; but, instead of instituting proceedings *de novo*, and citing Mr. *W.* to a new trial, they have, at one time, resolved that he should be considered as restored to his ministerial functions; and, at other times, have passed resolutions expressing their determination to consider him as deposed from the ministry. In the mean time, Mr. *W.* has uniformly continued to exercise his ministerial office and character. The proceedings and the return are somewhat confused and indistinct, but as far as I can understand them, the true history of the case is as I have stated it. My mind has been led to the conclusion, that the decision of the *synod* on the appeal, must be deemed conclusive, and that by virtue of that decision, Mr. *Wack* was restored to the ministry. The subsequent proceedings of the *classis* have been inconsistent and irregular; and no resolution or decision of a subordinate tribunal can impair the effect of the decision of the *synod* on the appeal. That decision of the highest tribunal must prevail, until, by instituting new proceedings, and procuring a new trial, the *classis* may again obtain jurisdiction over Mr. *W.*

My conclusion is, that the relation of minister and congregation was not dissolved, and that the defendant below was bound to pay the amount voluntarily subscribed by him. The judgment, therefore, must be affirmed.

Judgment affirmed.